**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00538-REB–MJW

UNITED STATES OF AMERICA ,

      Plaintiff,

v.

UMB BANK ACCOUNT # 1290923,
JANUS ACCOUNT # 201875588,
JANUS ACCOUNT # 463611834,
SHAREBUILDER SECURITIES CORPORATION ACCOUNT # 1000-0000892594-01,
2006 JAGUAR X-TYPE; VIN SAJWA51A46WE88648, and
PARK TOWERS CONDOMINIUM, 1299 GILPIN STREET, UNIT 2W, DENVER, CO,

      Defendants.

---

**ORDER DENYING MOTION TO DISMISS &
GRANTING MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

      This matter is before me on the following: (1) the **Motion To Dismiss** [#86][1] filed

by claimant Thomas A. Ferree; and (2) the **United States' Motion for Summary**

**Judgment** [#94] filed January 25, 2013.  The United states filed a response [#90] to the

motion to dismiss.   No response to the motion for summary judgment was been filed.  I

deny the motion to dismiss and grant the motion for summary judgment.[2]

---

     [1]   "[#86]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

     [2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* Fed. R. Civ. P. 56(c) and (d). **Geear v. Boulder Cmty. Hosp.,** 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

Initially, both of these motions were referred to the magistrate judge. After consulting with the magistrate judge, and without objection from the magistrate judge, I withdraw the reference of these two motions [#86 & #94].

## I.  JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1331 (federal question).

## II.  STANDARDS OF REVIEW

### A.  Motion to Dismiss

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> Two working principles underlie this standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (*quoting Twombly*, 550 U.S. at 555); *see also Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The complaint must offer sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "[s]pecific facts are not necessary" to comply with Rule 8(a)(2), the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

> *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550
> U.S. at 555) (alteration in original).

*Burnett v. Mortgage Elec. Registration Sys., Inc.*, ___ F.3d ___, ____, 2013 WL

386283, *2 - *3  (10th Cir. 2013).  Pleadings that do not allow for at least a "reasonable

inference" of the legally relevant facts are insufficient. *Iqbal*, 556 U.S. at 678.

<u>B.  Summary Judgment</u>

Summary judgment is proper when there is no genuine issue as to any material

fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

(1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d

1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome

of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of

a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d

1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  Once the motion has

been properly supported, the burden shifts to the nonmovant to show, by tendering

depositions, affidavits, and other competent evidence, that summary judgment is not

proper.  *Id.* at 1518.  All the evidence must be viewed in the light most favorable to the

party opposing the motion.  *Simms v. Oklahoma ex rel. Department of Mental Health*

*and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120

3

S.Ct. 53 (1999).

## III.  ANALYSIS

In the complaint [#1], the United States alleges that from about 2002 to March 2010, David J. Ferree and others operated a false billing scam which involved mail fraud and wire fraud.  The United States alleges that Ferree and his co-conspirators obtained over 2.9 million dollars in proceeds as a result of the fraudulent billing scam. According to the complaint, these fraudulent proceeds were used to purchase, fund, and maintain the defendant property: (1) UMB Bank Account # 1290923; (2) Janus Account # 201875588; (3) Janus Account # 463611834; (4) Sharebuilder Securities Corporation Account # 1000-0000892594-01; (5) 2006 Jaguar X-Type, VIN SAJWA51A46WE88648; and (6) Park Towers Condominium, 1299 Gilpin Street, Unit 2W, Denver, Co.  Claimant Thomas A. Ferree is the father of David Ferree.

The United States seeks forfeiture of the defendant property to the United States under 18 U.S.C. § 981.  The United States contends the property at issue represents or is traceable to the gross receipts obtained, directly or indirectly, from the fraudulent scheme described in the complaint and from violations of 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud) committed in the course of that scheme.  Such property is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(D)(v) & (vi).

### A.  Motion to Dismiss

In his motion to dismiss, claimant Thomas Ferree contends that the complaint in this case is not properly verified, as required by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Verification is governed by 28 U.S.C. § 1746.  The verification of the complaint [#1] in this case satisfies these

requirements.  Mr. Ferree contends also that the authority of the Untied States is limited to the confines of the District of Columbia.  This argument is "patently frivolous."  *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).  Similarly frivolous is Mr. Ferree's contention that the United States of America does not exist.  *Affidavit* [#88], pp. 1-2.  The complaint [#1] contains factual allegations which, if accepted as true, state a claim to relief that is plausible on its face.  Thus, the motion to dismiss should be denied.

### B.  Summary Judgment

In the motion for summary judgment, the United States details the fraudulent scheme, money generated by the fraudulent scheme, and the manner in which that money was used to purchase, fund, and maintain the defendant property.  The United States has provided competent evidence that substantiates all of these facts.  On the current record, there are no disputed, genuine issues of material fact.  Viewing the undisputed facts in the record in the light most favorable to a claimant challenging the forfeiture claim of the United States, no reasonable fact finder could conclude that the defendant property does not represent or is not traceable to the gross receipts obtained, directly or indirectly, from violations of 18 U.S.C. §§ 1341 and 1343 which were committed as part of the fraudulent scheme described in the complaint and evidenced in the record.  Therefore, the defendant property is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(D)(v) & (vi), and the motion for summary judgment should be granted.

# IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That I **WITHDRAW** the reference to the magistrate judge of the two motions [#86 & #94] addressed in this order;

2.  That the **Motion To Dismiss** [#86] of claimant Thomas A. Ferree is **DENIED**;

3.  That the **United States' Motion for Summary Judgment** [#94] filed January 25, 2013, is **GRANTED**;

4.  That the **United States' Unopposed Motion to Continue Bench Trial Set for April 29, 2013 at 9:00 a.m.** [#99] is **DENIED** as moot;

5.  That **JUDGMENT SHALL ENTER** in favor of the plaintiff, the United States of America, and against the defendant property;

6.  That under 18 U.S.C. § 981(a)(1)(D)(v) & (vi), the defendant property listed below **SHALL BE FORFEITED** to the United States of America, and all right, title, and interest in the defendant property **IS VESTED** in the United States of America:

(A) UMB Bank Account # 1290923;

(B) Janus Account # 201875588;

(C) Janus Account # 463611834;

(D) Sharebuilder Securities Corporation Account # 1000-0000892594-01;

(E) 2006 Jaguar X-Type, VIN SAJWA51A46WE88648; and

(F) Park Towers Condominium, 1299 Gilpin Street, Unit 2W, Denver, Co., which is more fully described as:

Condominium Unit 2W, THE PARK TOWERS CONDOMINIUMS, in accordance with and subject to the Declaration of Covenants, Conditions

and Restrictions of the Park Tower Condominiums recorded on March 3, 1983 in Book 23 at Pages 37-41, City and County of Denver, State of Colorado records, together with the right to use the exclusive use of Parking Space(s) 30 and 19, City and County of Denver, State of Colorado.;

7.  That the final pretrial conference set for February 27, 2013, at 9:00 a.m., the

trial preparation conference set for April 19, 2013, at 3:30 p.m., and the trial set for April

29, 2013, at 9:00 a.m. are **VACATED**; and

8.  That the United States is **AWARDED** its costs to be taxed by the clerk of the

court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 22, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge